**FILED**

**November 30, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 9:01 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **EDUARDO CARRERA AVILA,** | ) | **Docket Number: 2017-02-0141** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 18030-2017** |
| **TLG MOTORS, LLC,** | ) | |
| **Uninsured Employer.** | ) | **Judge Brian K. Addington** |

## COMPENSATION HEARING ORDER

This matter came before the Court on November 28, 2017, for a Compensation Hearing. The central legal issue is the compensability of Mr. Avila's claim for an injury, which occurred when he attempted to use a hand tool at TLG Motors. The Court finds Mr. Avila failed to prove he worked for an employer as defined by the Workers' Compensation Law and to timely file a Petition for Benefit Determination. Therefore, the Court denies his claim.

### History of Claim

Mr. Avila knew the owner of TLG Motors, Mr. Ted Georgio, through Mr. Georgio's mother, a restaurant owner. Mr. Avila normally worked for Ms. Georgio. When she could not provide him with work, Mr. Avila occasionally cleaned cars at TLG Motors.

Mr. Avila injured his right middle finger while cleaning cars at TLG Motors on August 16, 2014. He went to the hospital and later underwent surgery. Ms. Georgio paid for his surgery, but the initial treatment remains unpaid. Mr. Avila was unsatisfied with the surgical results and requested additional treatment, which Ms. Georgio denied.

Mr. Georgio testified that he did not have any employees, while Mr. Avila testified Mr. Georgio employed workers at more than one location. Bureau Compliance Specialist Rene Gallardo conducted an investigation and concluded that TLG Motors employed three persons.

Mr. Avila did not file a Petition for Benefit Determination until March 13, 2017. When the parties were unable to reach an agreement, this Court conducted an Expedited

Hearing and determined TLG Motors did not meet the definition of employer under the Workers' Compensation Law. Mr. Avila did not appeal that decision but chose to proceed to a Compensation Hearing.

Mr. Avila argued that he wanted his finger "fixed," compensation for his injury and temporary benefits. Mr. Avila did not present any physician notes concerning his injury but did submit an unpaid medical bill. He focused his testimony on complaints about Mr. and Ms. Georgio's lack of credibility.

TLG Motors appeared without an attorney. The Court did not allow Mr. Georgio to enter any exhibits, make any objections or ask questions, but it did allow him testify.

**Findings of Fact and Conclusions of Law**

Mr. Avila bears the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). This burden begins with proof that he worked for an employer as defined by the Workers' Compensation Law.

The Workers' Compensation Law requires all "employers" to provide workers' compensation coverage for their "employees." *See* Tenn. Code Ann. § 50-6-405(a) (2014). According to Tennessee Code Annotated 50-6-102(12)(A), "an employee includes every person . . . in the service of an employer[.]" An employer is defined as "any individual . . . using the services of not less than five (5) persons for pay[.]" Tenn. Code Ann. § 50-6-102(13).

To succeed, Mr. Avila must prove that TLG Motors is an employer as defined in the statute. The Court finds that TLG Motors employed three persons as did Bureau Specialist Gallardo. This number is not the required minimum of five to mandate workers' compensation insurance coverage. Thus, it does not meet the statutory definition of employer. As such, this Court does not have jurisdiction over TLG Motors.

Even if Mr. Avila proved TLG Motors were a covered employer, he failed to file his Petition for Benefit Determination within one year of the date of his injury. *See* Tenn. Code Ann. § 50-6-203(b)(1). The proof verifies that Ms. Georgio paid for his surgery, which may have prolonged the statute of limitations if she did so on behalf of TLG Motors. However, Mr. Avila did not prove Ms. Georgio's connection, if any, to TLG Motors.

IT IS, THEREFORE, ORDERED that Mr. Avila's claim is denied on the grounds that TLG Motors is not a covered employer and Mr. Avila did not timely file a Petition

2

for Benefit Determination. The Court does not tax a filing fee for this case as TLG Motors is not a covered employer. If no appeal is taken, the order shall become final after thirty days.

**ENTERED this the 30th day of November, 2017.**

/s/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
Court of Workers' Compensation Claims

**APPENDIX**

Evidence
1. Affidavit of Susana Mancera
2. Affidavit of Balthazar Ramirez
3. Affidavit of Jesus Barragano
4. Medical Bill-Franklin Woods Hospital
5. Expedited Request for Investigation Report
6. Collective Exhibit-Photographs

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Expedited Hearing Order
5. Scheduling Hearing Order

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of November, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service Sent to: |
|------|------|------|------|------|
| Eduardo Carrera Avila, **Employee** | X | | X | 1200 Maryland Ave., Bristol, TN 37620 eduardocarrera2008@hotmail.com |
| TLG Motors, **Employer** | X | | | 2121 Volunteer Parkway, Bristol, TN 37620 |

**PENNY SHRUM, COURT CLERK**
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov